James L. GRANT, Individually and as Guardian of Scott Grant, an incompetent, and Marjorie A. Grant, Petitioners,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 88–70V.

United States Claims Court.

Dec. 15, 1989.

Caroline Butzu, Detroit, Mich., for petitioners.

Respondent is not presently represented by counsel.

## ORDER [1]

MOODY R. TIDWELL, III, Judge:

Upon review of the record, and pursuant to Vaccine Rule 19, the court remands to the special master its Report and Recommendation of November 21, 1989 with the following instructions:

The special master is to reconsider its Report and Recommendation in light of petitioners' arguments raised in their Objections to Reports and Recommendations of Special Master. If review of the existing record provides the special master with the information needed to satisfactorily reevaluate the merits of the issues, then no further investigation need be attempted. However, if upon review of the existing record, the special master determines that more information is needed to satisfactorily reevaluate the merits of petitioenrs' claims or to allow petitioners to adequately respond to the allegations in the medical report submitted on behalf of the Health and Human Services, the special master is to reconvene the hearing and hear testimony from the necessary witnesses, medical and otherwise, or obtain the needed information by affidavit.

This decision of the court is supported by the circumstances of the proceedings in this case. The court is of the opinion that the timing and substance of the submissions on behalf of the Health and Human Services were highly questionable to simply incorrect, particularly in light of the Department of Justice's withdrawal very early in the proceedings and the specific choice of respondent not to participate in the hearing. Though, at this time, the court does not expunge from the record the submissions on behalf of the Health and Human Services made post hearing, the court holds that the special master erred in considering these submissions without allowing petitioners an opportunity to present evidence in rebuttal. The lateness of the medical report, in particular, caused unfair prejudice to petitioners as they were unable to present rebuttal evidence at the hearing. The medical report was filed weeks after the petitioners' proofs were offered and respondent failed to even attempt to offer any sound reason for this delay. Such action, or lack of it, should not be tolerated by the special master or this court in the future. It not only causes undue delays, but it places an unfair financial burden on petitioners as they may be required to reproduce the same witnesses produced at the hearing in order to rebut some untimely filed report. Unwarranted delays and excess costs were not part of the congressional intent in establishing the procedures for resolving vaccine claims. One need not look far to discover that Congress' intent was for a quick and efficient resolution of these claims. *See, e.g.,* Vaccine Rule 19(d). The entire special masters system was designed to allow petitioners a meaningful means of redress. Respondent, however, has apparently chosen to ignore this manifest intent.

In light of the foregoing, this court views the timelessness of the filings on behalf of the Health and Human Services as unconscionable, if not an abuse of statutory authority, and the special master's consideration of those filings without allowing petitioners to sufficiently respond with supplemental evidence at a hearing or otherwise was improper and highly prejudicial. In future cases, special masters should give serious consideration to not accepting submissions made out of time or sequence, by or on behalf of respondent, where respondent by its own ill-designed concept of representation for the United States has not participated actively in the case from the onset.

The special master's reevaluation is to be completed and a revised Report and Recommendation is to be submitted to the court

---

1. This order may contain information that may not be disclosed to a nonparty. *See* 42 U.S.C. § 300aa–12 (1987). Accordingly, within fourteen (14) days of the date of this order, the parties shall designate any material subject to section 300aa–12 and such designated material will be deleted for public access. If on review of this order there are no objections filed within the fourteen (14) day period, then it shall be deemed that there is no material subject to section 300aa–12.

within sixty (60) days from the date of this order.

IT IS SO ORDERED.